

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-87,633-01

### EX PARTE ARESTEDE JAMES TREADWAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2013CR11505 IN THE 175TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of burglary of a habitation and sentenced to twenty-five years' imprisonment for each charge, to run concurrently. The Fourth Court of Appeals affirmed his conviction in this case, but reversed the other burglary conviction on the basis that the two convictions violated the prohibition on double jeopardy because the two charges arose from a single unlawful entry. *Treadway v. State*, Nos. 04-15-00265-CR and 04-15-00266-CR (Tex. App. — San Antonio, May 4, 2016) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because trial counsel failed to investigate and present evidence consistent with Applicant's version of the events, failed to interview and present testimony from two witnesses, failed to investigate and present an insanity defense, and failed to object to the convictions in the two cases as a violation of the prohibition on double jeopardy. Applicant's two trial attorneys submitted a joint affidavit, which responds generally to Applicant's allegations regarding pre-trial investigation. However, the affidavit does not respond to Applicant's claims regarding the possibility of an insanity defense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether they were aware that Applicant had a history of mental illness, whether they considered raising an insanity defense, and whether they considered having Applicant evaluated for sanity at the time of the offense, based on the complainant's account of Applicant's behavior before and during the offense. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 22, 2017
Do not publish